NATALIE K. WIGHT, OSB # 035576
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-MJ-00142 |
| v. | **GOVERNMENT'S MOTION FOR AND MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |
| **DAWN WALKER,** | |
| **Defendant.** | |

The United States of America, through Natalie K. Wight, United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, hereby asks the Court to detain the defendant pending trial as a risk of non-appearance.

A.  **Factual and Procedural Summary.**

As part of an elaborate and well thought out plan, the defendant, a Canadian citizen, kidnapped her child and, after faking her death and that of her son, fled to the United States. On August 5, 2022, through an outstanding example of work and coordination between Homeland Security Investigations (HSI) and Canadian law enforcement authorities, the defendant was

**Government's Motion for Pretrial Detention** 1

located and arrested in Oregon City, Oregon.  Later that evening, U.S. Magistrate Judge Jeffrey Armistead signed a criminal complaint and arrest warrant for the defendant charging her with one felony count of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(3), and one misdemeanor count of Identity Theft, in violation of Title 18, United States Code, Section 1028(a)(6).  On the felony Aggravated Identity Theft charge the defendant is facing a mandatory minimum of two years imprisonment.  On the misdemeanor Identity Theft charge the defendant is facing up to six months' imprisonment.

The government has been informed by Canadian authorities that criminal charges will be pursued against the defendant and that they will seek a provisional arrest warrant and her extradition back to Canada.

The facts of defendant's crime and the story of her flight from Canada are outlined in the Criminal Complaint affidavit.  Given the nature of her crime and the surreptitious manner in which she carried it out, defendant is a flight risk and should be detained pending trail and her eventual extradition to Canada.

The government is awaiting a final report from U.S. Pretrial Services.

**B.**     **Applicable Law.**

    **1.**     **Rules of Evidence Do Not Apply at Detention Hearing**

The Federal Rules of Evidence do not apply in pretrial detention proceedings.  Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f).  Accordingly, both the government and the defense may present evidence by proffer or hearsay.  *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *see also United States v. Bibbs*, 488 F.Supp.2d 925, 925-26 (N.D.Cal. 2007).

/ / /

/ / /

2.  **Factors for Assessing Risk of Non-Appearance and/or Danger to the Community.**

Per statute, the Court should then examine the following four factors in deciding whether release is appropriate:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal . . . ; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

**C.  Factors Supporting Detention.**

The defendant should be detained pending trial as a risk of nonappearance. The defendant kidnapped her own child and fled to the United States. The elaborate scheme she engaged in was designed for one purpose – to avoid the law and not be found. The defendant went to extreme efforts to steal identities for her and her son that allowed them to unlawfully enter the United States and hide; she hid and funneled assets to accounts to fund her flight from the law; and, she thoughtfully planned and engaged in an elaborate ruse in which she faked her death and that of her son. Her efforts were both criminal and traumatic for the family members

who suffered from her scheme.  Based upon the nature of the defendant's criminal episode she should be detained pending trial and/or her eventual extradition to Canada.

1. **Nature and Circumstances of the Offense.**

The defendant is charged with stealing identities that she used as part of her scheme to kidnap her own child and illegally enter the United States while on the run from law enforcement.  This was not a spur of the moment event.  As outlined in the criminal complaint, the defendant put time and a lot of effort into planning her crime.

After the defendant was arrested, agents found and reviewed a series of notebooks with handwritten notes she possessed.  Within those materials agents found the defendant's check list for how to stage her death and disappearance.  The included things such as dying her hair, packing the car, getting toys, throwing her phone into the water, ditching her car by the bridge, possibly buying a "fishing rod," "find nearest border," covering her tattoo (defendant has a distinct tattoo on the web of her hand), and other things.  Copies are below:



**Government's Motion for Pretrial Detention**



The defendant's crime, in terms of the amount of thought, planning, and actions she put into it, could easily be applied once again in an attempt to avoid justice here in the United States and Canada. She should not be given that opportunity. She is a flight risk and should be detained.

    **2.**    **Weight of the Evidence.**

The weight of the evidence against the defendant is extremely strong and supports her continued detention. The defendant were caught with the fake identities and, once discovered, law enforcement has been able to unwrap her scheme and to trace it back to its inception.

    **3.**    **History and Characteristics of the Defendant.**

The history and characteristics of the defendant also warrants pretrial detention. While the defendant does not have any criminal convictions we are aware of, she is an exceedingly poor candidates for pretrial release. The defendant has no ties to the United States. The defendant is facing criminal charges in the United States and likely Canada. The defendant has

shown the ability to scheme and develop an elaborate plan to kidnap her child and attempt to avoid law enforcement. The defendant has assets and used hidden financial accounts. The defendant has every incentive to try and flee to avoid the consequences of their crime. She should be detained.

4.  **Nature and Seriousness of the Danger to the Community.**

The defendant's kidnapping of her child is extremely serious. While the child has been safely rescued there are no assurances that if the defendant were released she would not try once again to kidnap her child. She should be detained pending trial and/or extradition to Canada.

### Conclusion

For the reasons set forth herein, we respectfully request that the Court to detain the defendant pending trial and find she pose an unacceptable risk of non-appearance at future court hearings.

Dated: August 8, 2022.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney